O

# United States District Court
# Central District of California

| | |
|---|---|
| GEORGE GUTENBERG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOVE, INC.,<br><br>　　　　Defendant. | Case No. 2:21-cv-02382-ODW (AFMx)<br><br>**ORDER GRANTING MOTION TO DISMISS [23]** |

## I.　INTRODUCTION

Plaintiff George Gutenberg brings a copyright infringement claim against Defendant Move Inc. Gutenberg claims Move displayed Gutenberg's photographs on the website Realtor.com beyond the term of Move's express license. (*See* Compl. ¶ 38, ECF No. 1.) Move now moves to dismiss Gutenberg's Complaint on the grounds that Move's use of the Gutenberg's photographs is not actionable. (*See generally* Mot. to Dismiss ("Motion" or "Mot."), ECF No. 23.) For the reasons that follow, the Court **GRANTS** Move's Motion to Dismiss.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Gutenberg is a professional photographer specializing in the field of Architecture and Interior Design. (Compl. ¶ 6.) He provides his photography services to residential real estate agents, taking photographs of their properties and issuing them a limited license to copy and display the photographs for one year. (*Id.* ¶¶ 15, 19–21.) Gutenberg retains all ownership rights to his photographs. (*Id.* ¶ 19.)

Move operates Realtor.com, a website that displays Multiple Listing Service ("MLS") real-estate listings using an "IDX feed." (*Id.* ¶ 27.) Real estate agents use MLSs to market property listings; an IDX feed is software that automatically updates and displays MLS listings, including photographs associated with the listing. (*See id.* ¶¶ 25–27, 32.) Together, they allow real estate brokers who subscribe to an MLS to easily upload information about properties to the internet, where the listings are then automatically uploaded to websites like Realtor.com through the IDX feed. (*See id.* ¶¶ 27, 29, 32.) Generally, the written terms and conditions of licenses between an MLS and a "non-participant" like Realtor.com's owner do not permit display of listing information that has expired, been withdrawn, or been sold. (*Id.* ¶¶ 28, 33.)

In the summer of 2019, Gutenberg discovered that Move was displaying 1,541 of his photographs (the "Photographs") on Realtor.com, even though the licenses granted to the real estate agents had expired and the properties were no longer listed for sale. (*Id.* ¶ 35.) Gutenberg's Photographs appeared on various Realtor.com pages, including: "Track My Home," "Find an Agent," "Similar Homes Nearby," and the respective properties' summary pages. (*Id.* ¶¶ 40–44.)

On March 17, 2021, Gutenberg sued Move for copyright infringement, for displaying the copyrighted Photographs in violation of his exclusive rights. (*Id.* ¶¶ 45–50.) Move now moves to dismiss Gutenberg's complaint for failure to state a claim. (*See* Mot.)

---

[2] All factual references derive from Plaintiff's Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

To prevail on a claim of copyright infringement, Gutenberg "must show ownership of the allegedly infringed material" and "demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *See A&M Recs. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Gutenberg must also establish causation, or "volitional conduct" in the automated-service provider context, such that Move was the direct cause of the copyright infringement. *See VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731–32 (9th Cir. 2019).

Move does not dispute that Gutenberg is the owner of the Photographs or that Gutenberg has exclusive rights in those Photographs granted by 17 U.S.C. § 106, specifically the rights to reproduce, prepare, distribute, and display the copyrighted work. (*See generally* Mot.) However, Move argues Gutenberg fails to allege volitional conduct, i.e., that Move itself, and not its users, selected, copied, and displayed the Photographs, and therefore his claim for copyright infringement fails. (Mot. 1, 6–7.)

To establish volitional conduct, Gutenberg "must provide some evidence showing [Move] exercised control (other than by general operation of [its website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of copyrighted material. *Zillow*, 918 F.3d at 732 (internal quotation marks omitted). For instance, in *Zillow*, the Ninth Circuit found that "passive participation in the alleged infringement . . . is not sufficient to cross the volitional-conduct line." *Id.* at 738. Zillow is a real estate marketplace website and hosted a "listing platform" that allowed real estate agents to upload images and information about properties. *Id.* at 730. The court held that Zillow did not infringe copyrights through its listing platform when *third parties selected the photos* that displayed, because Zillow exercised no control over content "beyond the 'general operation of its website.'" *Id.* at 733 (quoting *Perfect 10, Inc. v. Giganews, Inc.*,

847 F.3d 657, 670 (9th Cir. 2017) (brackets omitted)). In contrast, to the extent Zillow's own employees "selected and tagged" photographs to display on Zillow's platform, Zillow was liable for copyright infringement. *Id.* at 736.

Here, Gutenberg's allegations fall short of volitional conduct. He alleges that, for Move's website Realtor.com to display the Photographs, it must "refresh all MLS downloads and IDX displays automatically fed by those downloads." (Compl. ¶ 32.) But this is no more than the general operation of Move's website. *See Zillow*, 918 F.3d at 732. Gutenberg further alleges that "Move displayed the Photographs on the Realtor.com website," "Move's volitional continued display of the Photographs . . . was the proximate cause of Gutenberg's loss," and Move violated his rights by displaying his Photographs after the listings expired. (Compl. ¶¶ 38–39, 47.) However, according to the Ninth Circuit, passive participation such as "displaying" the Photographs, without more, does not amount to volitional conduct. *See Zillow*, 918 F.3d at 732–34. Gutenberg does not allege that Move's employees "selected" or "tagged" any Photographs, and merely adding the word "volitional" before "display" does not suffice. *See Sprewell*, 266 F.3d at 988 (rejecting conclusory allegations).

In sum, Gutenberg's Complaint fails to allege that Move itself was actively involved in the alleged infringement, rather than simply a passive automated system, such that it "trespassed on the exclusive domain of the copyright owner." *Zillow*, 918 F.3d at 732 (quoting *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004)). Gutenberg fails to show "volitional conduct" by Move to establish that Move was the direct cause of the copyright infringement. *Id.* at 731. Accordingly, Gutenberg's claim for copyright infringement fails and the Court **GRANTS** Move's Motion to Dismiss.

Gutenberg requests leave to amend and contends amendment would not be futile because he can allege volitional conduct by Move in its subsequent display of the Photographs. (Opp'n Mot. 11–12, ECF No. 25.) As the Court cannot conclude that amendment would be futile, dismissal is with leave to amend.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Move's Motion to Dismiss with **leave to amend**. (ECF No. 23.) Gutenberg may amend his Complaint to cure the deficiencies identified above within **twenty-one days** of the date of this order. Failure to timely amend will convert this dismissal to one with prejudice.

**IT IS SO ORDERED.**

August 20, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**