JENNER & BLOCK LLP
David R. Singer (SBN 204699)
dsinger@jenner.com
Christopher S. Lindsay (SBN 280525)
clindsay@jenner.com
Madeline P. Skitzki (SBN 318233)
mskitzki@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Defendant Move, Inc.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| George Gutenberg,<br><br>                    Plaintiff,<br><br>  v.<br><br>Move, Inc.,<br><br>                    Defendant. | Case No. 2:21-cv-02382-ODW-AFM<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. Otis D. Wright II<br><br>Hearing Date: October 25, 2021<br><br>Hearing Time: 1:30 p.m.<br><br>Pre-Trial Conference Date: None Set<br><br>Trial Date: None Set |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on October 25, 2021, at 1:30 p.m., or as soon thereafter as the Court is available, in the United States Courthouse located at 350 West First Street, 5th Floor, Courtroom 5D, Los Angeles, California 90012, Defendant Move, Inc. ("Move") will and hereby does move the Court to dismiss this action without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that George Gutenberg's First Amended Complaint fails to state a claim upon which relief can be granted because he does not allege that Move engaged in volitional conduct, which is a required element of his single claim for direct copyright infringement.

Move's Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any additional briefing on this subject, the record in this case, and the evidence and arguments that may be presented to the Court at a hearing on this matter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 15, 2021.

Dated:  September 24, 2021          JENNER & BLOCK LLP

                                    By:    /s/ David Singer
                                           David R. Singer
                                           Christopher S. Lindsay
                                           Madeline P. Skitzki

                                    Attorneys for Defendant Move, Inc.

# **TABLE OF CONTENTS**

I. Introduction. ..................................................................................................1

II. Background. ..................................................................................................2

III. Gutenberg's FAC Should Be Dismissed. .....................................................3

IV. Gutenberg's Direct-Infringement Claim Fails Because He Does Not and Cannot Plead Volitional Conduct. ......................................................4

    A. Gutenberg's Conclusory Use Of The Word "Select" Does Not Save His FAC. ...................................................................................5

    B. The Allegations In Gutenberg's FAC Are Even More Similar To *Zillow* Than His Original Complaint. ................................6

V. This Court Should Not Grant Leave to Amend Again. .................................9

VI. Conclusion. .................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Atari Interactive, Inc. v. Redbubble, Inc.*,
   515 F. Supp. 3d 1089 (N.D. Cal. 2021) ................................................................ 9

*Barajas v. Walker*,
   2012 WL 2973967 (C.D. Cal. July 20, 2012) ...................................................... 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 555 (2007) ...................................................................................... 4

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
   536 F.3d 121 (2d Cir. 2008) ................................................................................. 8

*Disney Enters., Inc. v. Hotfile Corp.*,
   798 F. Supp. 2d 1303 (S.D. Fla. 2011) ................................................................. 8

*Doe v. United States*,
   419 F.3d 1058 (9th Cir. 2005) .............................................................................. 2

*Miller v. Yokohama Tire Corp.*,
   358 F.3d 616 (9th Cir. 2004) ................................................................................ 9

*Perfect 10, Inc. v. Giganews, Inc.*,
   847 F.3d 657 (9th Cir. 2017) ............................................................................ 4, 5

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*,
   907 F. Supp. 1361 (N.D. Cal. 1995) ..................................................................... 8

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) .............................................................................. 10

*Sprewell v. Golden State Warriors*,
   266 F.3d 979, 988 (9th Cir. 2001) .................................................................... 4, 5

*VHT, Inc. v. Zillow Grp., Inc.*,
   918 F.3d 723 (9th Cir. 2019) ....................................................................... *passim*

## I. Introduction.

In his First Amended Complaint ("FAC"), plaintiff George Gutenberg rehashes the same claim for relief that this Court dismissed a month ago. He continues to allege that defendant Move, Inc.'s automatic display of photographs selected and uploaded by third parties to Move's real-estate website, Realtor.com, constitutes direct copyright infringement. Instead of curing the defects in his original complaint (which he cannot do), Gutenberg's FAC adds conclusory allegations that are legally meaningless and factual admissions that make his case *weaker*, not stronger, under *Zillow*, the binding authority that this Court applied to dismiss his initial complaint.

Gutenberg again fails to state the same necessary element of copyright infringement: volitional conduct. When granting Move's motion to dismiss Gutenberg's original complaint, the Court correctly applied the volitional-conduct rule, holding that to establish volitional conduct, Gutenberg "'must provide some evidence showing [Move] exercised control (*other than by general operation of [its website]*); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution' of copyrighted material." Order at 4 (quoting *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 122 (2019)) (emphasis added).

The Court concluded that Gutenberg's allegations fell "short of volitional conduct" because Gutenberg failed to allege that "Move's employees 'selected' or 'tagged' any Photographs." Order at 5. Therefore, Gutenberg's allegations added up to "no more than the general operation of Move's website." *Id.* Put another way, Gutenberg failed to state a copyright-infringement claim because he "fail[ed] to allege that Move itself was actively involved in the alleged infringement, rather than simply a passive automated system, such that it 'trespassed on the exclusive domain of the copyright owner.'" *Id.* (quoting *Zillow*, 918 F.3d at 732).

Gutenberg's FAC challenges Move's operation of the same "passive

1

automated system" that this Court found insufficient the first time around. It adds only conclusory statements regarding Move's alleged "select[ion]" of photographs for display on different parts of Realtor.com, while nonetheless acknowledging that Move's automated software is responsible for any display. *See* FAC ¶¶ 39–41, 45, 49, 52, 55. Therefore, the underlying factual predicate of his claim remains unchanged—his FAC still alleges that Move's system automatically displays images uploaded by third parties, with no actual selection, curation, or tagging of particular photographs performed by Move's employees. As this Court held in dismissing Gutenberg's original complaint, that is not volitional conduct as a matter of law. Order at 5 (citing *Zillow*, 918 F.3d at 732–34). The automatic "select[ion]" by software that Gutenberg challenges in the FAC is virtually identical to the conduct at issue in *Zillow* that the Ninth Circuit concluded did *not* amount to volitional conduct as a matter of law.

Because Gutenberg's amended allegations again "fall short of volitional conduct," Order at 5, the Court should dismiss the FAC and not grant further leave to amend.

## II. **Background.**

Move operates Realtor.com, one of the top online consumer-facing real-estate listings platforms in the country. FAC ¶¶ 25–26. Realtor.com receives constantly updated data about real-estate listings from Multiple Listing Services ("MLSs"), which are local and regional aggregators of real-estate listing information supplied by real-estate brokers. *Id.* ¶¶ 25–33. Move receives the data from feeds that are continuously and automatically refreshed. *Id.* ¶¶ 25, 31.[1]

The massive stream of listings information Move receives from MLSs and displays on Realtor.com almost always includes photographs of the properties for

---

[1] Some of Gutenberg's allegations about the design and operation of Realtor.com are inaccurate. However, those inaccuracies must be presumed to be true on a motion to dismiss, *e.g.*, *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005), and they are not material to the legal issue presented in any event.

sale. *See id.* ¶ 26. Real estate brokers and agents hire photographers, such as Gutenberg, to take those photographs. *See id.* ¶¶ 15–24.

In his original complaint, Gutenberg had alleged that Move displayed his photographs on various parts of its website despite the homes not being for sale, including on a "Track My Home" page, a "Find an Agent" page, and a "Similar Homes Nearby" page. Compl. ¶¶ 41–44. The FAC now refers to those parts of the Realtor.com as "Off-Market Pages," and has thrown in another—"Property History." FAC ¶¶ 43–56.

Although the FAC adds filler content surrounding the allegations of display on those parts of Realtor.com, as with the original complaint, the FAC does not allege that Move employees actively or manually select any particular photographs to appear on these pages of the website, nor does Gutenberg allege that anyone at Move *ever* chose his particular photographs for display. Indeed, Gutenberg does not allege that anyone at Move had *ever so much as seen* any of his photographs before he filed this suit.

Instead, Gutenberg alleges that the brokers who hired him (via their MLSs) uploaded 1,541 of his photographs for display on Realtor.com and that every one of those photographs is still being displayed on Realtor.com. *Id.* ¶¶ 21, 35–37, 63.[2] Further, he expressly confirms that the general operation of Move's software is responsible for any display of photographs, regardless of what part of Realtor.com they appear on. *Id.* ¶¶ 39–40. Thus, the only plausible inference is that the photographs uploaded and selected by Move's users automatically populate across Realtor.com, with no active involvement on Move's part.

### III. Gutenberg's FAC Should Be Dismissed.

As the Court recognized in dismissing Gutenberg's original complaint, a

---

[2] Gutenberg confusingly alleges that he "licensed [his] photographs to the real estate agents who engaged him" but has not "assigned any rights in the Photographs to any third party." FAC ¶¶ 17, 36.

3

complaint's "factual 'allegations must be enough to raise a right to relief above the speculative level.'" Order at 3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "That is, the complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Importantly, under Rule 12(b)(6), the Court "need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences." *Id.* (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Here, that rule means that Gutenberg cannot meet the volition test by changing his complaint to conclusorily allege that Move "selects" images displayed on parts of its website, without any facts about who is selecting what pictures or how they are doing it.

This Court's order dismissing Gutenberg's original complaint joined a growing body of cases in this Circuit rejecting direct infringement claims on 12(b)(6) motions for failure to plead volitional conduct. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 668–69 (9th Cir. 2017) (affirming the district court's Rule 12 dismissal of the plaintiff's direct-infringement claims due to the plaintiff's failure to plead volitional conduct), *cert. denied*, 138 S. Ct. 504 (2017); *see also* ECF No. 23 at 5 (collecting cases).

### IV. Gutenberg's Direct-Infringement Claim Fails Because He Does Not and Cannot Plead Volitional Conduct.

As the Court observed, to state a claim for copyright infringement, Gutenberg must establish causation—*i.e.*, volitional conduct. Order at 4. To establish volitional conduct, Gutenberg must "show[] [Move] exercised control (*other than by general operation of its website*); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution of its copyrighted material." Order at 4 (quoting *Zillow*, 918 F.3d at 732) (emphasis added) (internal quotation marks omitted).

### A. Gutenberg's Conclusory Use Of The Word "Select" Does Not Save His FAC.

In dismissing Gutenberg's original complaint, the Court found that Gutenberg failed to establish volitional conduct because he "fail[ed] to allege that Move itself was actively involved in the alleged infringement"—for example by alleging "Move's employees 'selected' or 'tagged' any photographs." Order at 5. That is, Gutenberg pleaded "no more than the general operation of Move's website." *Id.* But he has not alleged any additional "active[] involve[ment]" here.

Rather, Gutenberg's FAC only adds conclusory, barebones allegations that Move "selected"—through the automatic operation of its software—images uploaded by third-party brokers to appear on the different parts of Realtor.com regardless of whether those properties were for sale. FAC ¶¶ 39–41, 45, 49, 52, 55. Those allegations are no different from what Gutenberg alleged the first time around. Gutenberg's original complaint also posited an automatic process by which Move's software displayed different images uploaded by brokers on different parts of Realtor.com. *See* Compl. ¶¶ 15–18, 41–44 (alleging that that Gutenberg's copyrighted photographs that appeared on Realtor.com were selected in the first instance by the brokers and agents who hired him for display on Realtor.com, and that Realtor.com then displayed the images on different parts of its website).

That is precisely the automatic storage, copying, and transmission that the Ninth Circuit held *is not* volitional conduct. *Giganews*, 847 F.3d at 668. Put differently, Gutenberg's conclusory addition of the word "select" does not magically turn Move's automatic process into volitional conduct. *See* Order at 3 ("[A] court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.") (citing *Sprewell*, 266 F.3d at 988).

Rather, to survive a Rule 12 challenge, Gutenberg must plausibly allege that Move selected "any material *for upload, download, transmission, or storage*." *Zillow*, 918 F.3d at 732 (emphasis added). Gutenberg does not allege that Move, or

5

anyone at Move, selected his particular photographs for anything at all—rather, he simply alleges that Move's software displayed his photographs (in the same way it displays millions of others). To underscore that point: Gutenberg continues to allege that all 1,541 of the photographs that his broker clients uploaded for display on Realtor.com *are still being displayed* on Realtor.com. FAC ¶¶ 21, 35–37, 63. That allegation is key—it means that Gutenberg *is not* alleging that Move is manually selecting or curating any photographs. His photographs are available on Realtor.com because the only people who made any selections in this process (for upload, in this case), are the brokers who selected his images for display on Realtor.com. Realtor.com simply operated automatically in response to that input. *See* Order at 5 (describing Move's operation of "a passive automated system").

### B. The Allegations In Gutenberg's FAC Are Even More Similar To *Zillow* Than His Original Complaint.

As Move explained in its motion to dismiss, if programming a website to display images for off-market properties were volitional conduct, Zillow would have lost its case *across the board*, since that is *exactly what Zillow did*. 918 F.3d at 732–34.

Even crediting Gutenberg's conclusory addition of the word "select" in his FAC, his allegations still run squarely into *Zillow*. That is because *both* the district court *and* the Ninth Circuit in *Zillow* rejected the contention that limited, automatic selection by software amounts to volitional conduct. *See id.*

In *Zillow*, VHT argued that Zillow had exercised volitional conduct in displaying VHT's photographs across Zillow.com because Zillow programmed its website to select from among multiple copies of the same image, and to display the

copy to which Zillow had the broadest rights. *Id*. at 733.[3]

According to VHT, the selection that Zillow programmed its software to exercise constituted volitional conduct on Zillow's part. *Id*. at 733. But both the district court and the Ninth Circuit rejected that argument, holding that Zillow's software's execution of its programmed "trumping" rules did not constitute volitional conduct as a matter of law. *Id*. at 732–34. Rather, both the district court and the Ninth Circuit held that the selection exercised by Zillow's software amounted to the mere "operation of Zillow's website," which could not amount to volitional conduct as a matter of law. *Id*. So too here. At most, Gutenberg's FAC alleges that Move programmed Realtor.com to automatically execute displays of uploaded photographs on various pages (just like his original complaint did). FAC ¶¶ 39–43, 57–59. That is no different than Zillow programming Zillow.com to automatically select and display particular uploaded images on its own pages. 918 F.3d at 732–34. As a matter of law, neither is volitional conduct—both amount to Move's and Zillow's simple operation of their respective websites. *See id*.[4]

The Ninth Circuit's analysis of Zillow's "Digs" service remains a useful contrast. As this Court recognized in dismissing Gutenberg's initial complaint, the reason that Zillow was liable for direct infringement for some of the photos displayed on Digs (a separate home-improvement section of Zillow's website) was that

---

[3] Zillow would sometimes receive multiple copies of the same image from different sources, and its system was programmed to categorize the images according to the rights Zillow was granted, and then to select and display the images to which Zillow received the broadest rights. *Id.* at 732–33. Zillow referred to these rights as either "evergreen" (meaning Zillow had an unlimited license to use the images however it wanted) or "deciduous" (meaning Zillow only received a license to display the image while the property at issue was for sale). *Id*. Zillow called its system's programmed selection of "evergreen" copies of images its "trumping" rules. *Id*. at 733.

[4] Relatedly, the *Zillow* court found that Zillow did not engage in volitional conduct with respect to its "automated processes storing or caching VHT's photos" and "behind-the-scenes technical work," in which Zillow "automatically trim[med] or pad[ded] images whose height and width did not match the target resolution, for the purposes of accelerating website speed." *Id*. at 737–38. The court contrasted the photos subject to this automatic conduct performed by software with "photos that Zillow curated, selected, and tagged for searchable functionality." *Id.* at 737.

7
MEMORANDUM OF POINTS AND AUTHORITIES

"*Zillow's own employees* 'selected and tagged' photographs to display on Zillow's platform"—conduct amounting to volitional conduct. Order at 5 (quoting *Zillow*, 918 F.3d at 736) (emphasis added). Gutenberg *has not come close* to alleging that Move's employees selected or tagged his photographs for display, nor could he.

The allegations Gutenberg added to the FAC are materially identical to the automatic conduct the Ninth Circuit found insufficiently volitional in *Zillow* and fail for the same reason. As this Court held in dismissing Gutenberg's original complaint, his allegations "simply" target Move's operation of "a passive automated system," which is not volitional conduct under *Zillow*. Order at 5 (citing *Zillow*, 918 F.3d at 732); *see also Disney Enters., Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1309 (S.D. Fla. 2011) (finding that the allegation that a website "ma[de] additional copies once the copyrighted material [was] uploaded to the server" did not establish volitional conduct because "courts have repeatedly held that the automatic conduct of software, unaided by human intervention, is not 'volitional'"); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1368 (N.D. Cal. 1995) (finding no volitional conduct where an online bulletin board "did not take any affirmative action that directly resulted in copying plaintiffs' works other than by installing and maintaining a system whereby software *automatically* forward[ed] messages received from subscribers onto the Usenet, and temporarily store[d] copies on its system") (emphasis added); *cf. Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) ("[A] significant difference exists between making a request to a human employee, who then volitionally operates the copying system to make the copy, and issuing a command directly to a system, which

automatically obeys commands and engages in no volitional conduct.").[5]

In sum, just like Gutenberg's original complaint, the FAC remains completely devoid of any plausible allegations that anyone at Move "curated," "selected," or "tagged" his photographs for display. *See* Order at 5. Rather, he again alleges no more than Move's "general operation" of a "passive automated system"—Realtor.com. *Id*. His FAC should be dismissed. There are no allegations in the FAC about any person at Move taking any steps to apply any criteria or judgment in the curation, selection, picking, or tagging of Gutenberg's photographs that would arguably elevate Move's general operation of its website into volitional copyright infringement.

## V. This Court Should Not Grant Leave to Amend Again.

Gutenberg "has had two bites at the apple." *Barajas v. Walker*, 2012 WL 2973967, at \*4 (C.D. Cal. July 20, 2012) (Wright, J.). Yet his sole claim for relief remains fundamentally defective—the factual predicate for the claim is the same as in his original complaint, and he still has not alleged volitional conduct. Therefore, further leave to amend "would be futile." *See id*. (denying leave to amend); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (noting that a district court has "particularly broad" discretion to deny leave to amend when a plaintiff has already amended his complaint once) (citation omitted).

This case was only ever a shakedown. Gutenberg is a serial litigant—he has

---

[5] Move anticipates that Gutenberg will again attempt to rely on *Atari Interactive, Inc. v. Redbubble, Inc.*, to try to salvage his claim. In *Redbubble*, the Court held that there was a triable issue of fact regarding whether Redbubble (a marketplace website) was liable for infringing Atari's *distribution* right because Redbubble's software facilitated the "creation and delivery" of products containing infringing images, and because Redbubble "actively instigate[d] and exercise[d] control over the sales on its website," including each step "from manufacturing to shipping and returns." 515 F. Supp. 3d 1089, 1113 (N.D. Cal. 2021). Gutenberg obviously does not allege that Move's software was exercising complete control over the distribution and sale of his photographs. *See generally* ECF 23 at 10–12. Rather Gutenberg's claim fails as a matter of law for the same reason that the *Redbubble* court concluded that Atari's display-right claim did—because Redbubble's website's automatic display of images uploaded by third parties was not volitional conduct under *Zillow*. 515 F. Supp. 3d at 1112–13.

filed at least six other copyright lawsuits in the Central District of California in the last few years, *none* of which proceeded past the pleadings stage.[6] He likely expected a quick payday here as well. His litigation pattern just underscores his willingness to bring substantively meritless claims to this Court. This Court should put an end to his latest attempt.

## VI. Conclusion.

For the foregoing reasons, the Court should dismiss Gutenberg's FAC with prejudice and without leave to amend.

Dated: September 24, 2021    JENNER & BLOCK LLP

By: /s/ David R. Singer
David R. Singer
Christopher S. Lindsay
Madeline P. Skitzki

Attorneys for Defendant Move, Inc.

---

[6] *See Gutenberg v. MHFS Grp. LLC*, No. 5:18-cv-01732-JAK-KK, Dkt. No. 1 (Aug. 17, 2018); *Gutenberg v. Backchina LLC*, No. 5:18-cv-01915-JGB-KK, Dkt. No. 1 (Sept. 10, 2018); *Gutenberg v. Realty Source Inc.*, No. 8:18-cv-01672-JLS-ADS, Dkt. No. 1 (Sept. 14, 2018); *Gutenberg v. Zillow Inc.*, No. 8:18-cv-01675-DOC-ADS, Dkt. No. 1 (Sept. 17, 2018); *Gutenberg v. Almeida*, No. 5:19-cv-01309-PA-KK, Dkt. No. 1 (July 17, 2019); *Gutenberg v. RAM Dev. & Const. Co., Inc.*, No. 5:20-cv-02248-MCS-RAO, Dkt. No. 1 (Oct. 23, 2020). This Court can take judicial notice of Mr. Gutenberg's multitude of lawsuits. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts "may take judicial notice of court filings and other matters of public record").