O

# United States District Court
# Central District of California

| | |
|---|---|
| GEORGE GUTENBERG,<br><br>            Plaintiff,<br><br>    v.<br><br>MOVE, INC.,<br><br>            Defendant. | Case No. 2:21-cv-02382-ODW (AFMx)<br><br>**ORDER DENYING**<br><br>**MOTION TO DISMISS [30]** |

## I.     INTRODUCTION

Before the Court is Defendant Move Inc.'s ("Move") Motion to Dismiss the First Amended Complaint ("Motion" and "FAC," respectively) filed by Plaintiff George Gutenberg.  (Mot. to Dismiss FAC ("Mot."), ECF No. 30.)  The Motion is fully briefed.  (*See* Mot.; Opp'n to Mot. ("Opp'n"), ECF No. 33; Reply ISO Mot. ("Reply"), ECF No. 34.)  For the reasons discussed below, the Court **DENIES** Move's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Gutenberg is a professional photographer who specializes in the fields of Architecture and Interior Design. (FAC ¶ 6, ECF No. 29.) Gutenberg photographs residential properties for real estate agents who use his photographs to market and sell the pictured homes. (*Id.* ¶¶ 15–16.) Gutenberg issues licenses to his clients, which grant them the right to display and copy his photographs for one year. (*Id.* ¶¶ 19–21.) However, these limited licenses do not allow sublicensing or third-party use and are non-transferable. (*Id.* ¶¶ 21–22.) Gutenberg retains all copyright and ownership rights to his photographs. (*Id.* ¶¶ 19–20.)

Move operates Realtor.com, which displays real-estate listings drawn from public records and Multiple Listing Service ("MLS") feeds. (*Id.* ¶¶ 25–26.) In general, the written terms and conditions of licenses between an MLS and a non-participant, such as Realtor.com, do not allow the non-participant to display the listing information for sold properties or for expired or withdrawn real estate listings. (*Id.* ¶¶ 30–32.)

During the summer of 2019, Gutenberg discovered that Move was displaying 1,541 of his photographs (the "Photographs") on Realtor.com. (*Id.* ¶ 37.) The licenses Gutenberg issued for each of these Photographs had expired and the properties depicted were not currently listed for sale. (*Id.*) Instead of the active property listing, which markets the sale of a property, Move was displaying Gutenberg's Photographs in off-market versions of the listings ("Off-Market Page"). (*Id.* ¶¶ 41–43.) Move converts active listings to Off-Market Pages ninety days after a property is sold or an active real estate listing is terminated. (*Id.* ¶ 43.) The Off-Market Pages include information about the respective properties and subsections advertising Move's services. (*Id.*) Gutenberg alleges that Move actively selected his Photographs for display on at least the following four subsections of the Off-Market

---

[2] All factual references derive from Gutenberg's FAC, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pages: "Property History," "Track My Home," "Find an Agent," and "Similar Homes Nearby"; Move exercises sole control over the Off-Market Pages; and uploading users have no control or input over any aspect of the Off-Market Pages. (*Id.* ¶¶ 44–59.)

Gutenberg sued Move for copyright infringement—for displaying his copyrighted Photographs in violation of his exclusive rights. (*See* Compl., ECF No. 1.) The Court found that Gutenberg's initial Complaint failed to plead the necessary "volitional conduct" to state a claim for copyright infringement under the facts alleged and granted Move's motion to dismiss, with leave to amend. (Order Granting Mot. to Dismiss Compl., ECF No. 28.) Gutenberg amended his Complaint and Move again moves to dismiss Federal Rule of Civil Procedure ("Rule") 12(b)(6). (*See* FAC; Mot.)

### III.  LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, a pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Nevertheless, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   DISCUSSION

To prevail on a claim of copyright infringement, a plaintiff must establish (1) ownership of a valid copyright, and (2) that the defendant violated at least one exclusive right granted to the plaintiff under 17 U.S.C. § 106. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (citing *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). In addition, plaintiffs must prove causation, which is referred to as the "volitional-conduct requirement." *Id.* Volitional conduct "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Id.* (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)).

In cases involving automated systems, such as Realtor.com, the volitional conduct requirement takes on even greater importance. *Id.* To demonstrate volitional conduct, a plaintiff must "provide some evidence showing the alleged infringer exercised control (other than by general operation of its website); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution of its photos." *Id.* at 732 (brackets and internal quotation marks omitted) (quoting *Giganews*, 847 F.3d at 670). On the other hand, activities such as the "automatic copying, storage, and transmission of copyrighted materials, when instigated by others, do not render an Internet service provider strictly liable for copyright infringement." *Id.* (brackets omitted).

In the context of automated systems, the Ninth Circuit distinguishes between "passive participation in the alleged infringement" and "intervening conduct by the website owners." *Id.* at 738 (internal quotation marks omitted). Passive participation in the alleged infringement "is not sufficient to cross the volitional-conduct line," whereas active conduct by the website owner is. *Id.* at 736, 738. For example, in *Zillow*, defendant Zillow hosted a "listing platform" where real estate agents would upload photos and information about properties for sale. *Id.* at 738. Third parties selected the displayed photos, and Zillow exercised no control over the content "beyond the 'general operation of its website.'" *Id.* at 733 (brackets omitted) (quoting *Giganews*, 847 F.3d at 670). The Ninth Circuit reasoned that there is "no direct liability where an online system 'responds automatically to users' input . . . without intervening conduct' by the website owner." *Id.* at 738 (alteration in original) (quoting *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004)). Accordingly, the Ninth Circuit held that Zillow's conduct as to the listing platform did not meet the volitional conduct requirement because it amounted to merely passive participation in the alleged infringement. *Id.*

In contrast, Zillow's active conduct as to the "Digs" platform did meet the volitional-conduct requirement for direct copyright infringement. *See id.* at 736. The "Digs" platform featured photographs from the listing platform that Zillow had "selected and tagged for searchable functionality." *Id.* Unlike the listing platform, which displayed photos "automatically [based on] users' input . . . without intervening conduct by the website owner," Zillow employees had specifically selected and tagged the photos featured on Digs. *Id.* at 736–38 (second alteration in original; internal quotation marks omitted). Thus, Zillow's active conduct on the Digs platform "proximately caused the copying" and met the volitional conduct requirement. *Id.* at 736.

Here, Move does not dispute that Gutenberg is the owner of the Photographs or that Gutenberg has exclusive rights in those Photographs under 17 U.S.C. § 106, to

reproduce, prepare, distribute, and display the copyrighted work. (*See generally* Mot.) Thus, Move does not challenge the first two elements of Gutenberg's copyright infringement claim. Rather, Move argues only that Gutenberg fails to allege volitional conduct—i.e., that Move itself, and not its users, selected, copied, and displayed the Photographs—and that therefore Gutenberg has failed to state a claim for copyright infringement. (*Id.* at 1–2.)

Gutenberg alleges that Move selected specific Photographs from the active listing pages to appear in at least four subsections of the Off-Market Pages: "Property History," "Track My Home," "Find an Agent," and "Similar Homes Nearby." (FAC ¶¶ 41, 44–58.) First, he alleges that Move selected Photographs to appear permanently on the respective "Property History" section, which appears only after a listing is no longer active, as a means to drive site traffic and increase Move's advertising revenue. (*Id.* ¶¶ 45–47.) Second, Gutenberg alleges that Move selected Photographs for use as the background image of the "Track My Home" section, which allows current homeowners to track the value of their home even though the property is not for sale. (*Id.* ¶¶ 48–50.) Third, Gutenberg alleges that Move selected Photographs to use as the sole image for the "Find My Agent" section, which advertises professional home valuation services and connects potential homeowners with real estate agents who pay Move for this service. (*Id.* ¶¶ 51–52.) Fourth, Gutenberg alleges that Move selected Photographs to be included in the "Similar Homes Nearby" section, which is a list of properties that are actively for sale and of comparable value. (*Id.* ¶¶ 54–56.)

These allegations are sufficient to bring Move's alleged conduct within reach of "volitional." Although Move argues its automated software is responsible for any display of the Photographs, (*see* Mot. 2), the Court accepts as true the above well-pleaded allegations and views them in the light most favorable to Gutenberg at this pleading stage. Gutenberg alleges that Move selected and instigated the display of the Photographs "without any input, direction, request, or other act or involvement

by the uploading users." (FAC ¶ 59.) Like the Zillow employees who selected and tagged photos for display on the Digs platform, Move selected Gutenberg's Photographs for specific uses on the Off-Market Pages. Therefore, it is plausible that Move's active conduct with respect to the Photographs proximately caused the copying and satisfies the volitional conduct requirement.

Gutenberg has sufficiently pleaded that Move "exercised control (other than by general operation of its website); selected any material for . . . transmission, or storage; or instigated any copying, storage, or distribution" of the Photographs. *Zillow*, 918 F.3d at 732 (brackets omitted) (quoting *Giganews*, 847 F.3d at 670). Accordingly, Gutenberg has stated a claim and Move's Motion is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Move's Motion to Dismiss Gutenberg's First Amended Complaint. (ECF No. 30.)

**IT IS SO ORDERED.**

November 22, 2021

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**

7